# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>BRUCE MCLAIN, et al.,<br><br>Defendants. | CV-20-65-GF-BMM-JTJ<br><br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT** |

Plaintiff Allstate Fire and Casualty Insurance Company ("Allstate") filed a Complaint against Defendant Bruce McLain ("McLain") and thirty-two other defendants, seeking a declaratory judgment related to the question of coverage under an insurance policy that Allstate had issued McLain. Doc. 1. McLain filed an Answer. Doc. 36. Allstate filed a Motion for Entry of Default against those defendants that had not responded. Doc. 33. The Clerk of the Court entered default against the Individual Defendants on October 2, 2020. Doc. 35. After the requisite time had passed, Allstate filed a Motion for Default Judgment on December 8, 2020. Doc. 38. For the reasons below, Allstate's Motion for Default Judgment (Doc. 38) is denied without prejudice.

1

**BACKGROUND**

Allstate issued McLain an automobile insurance policy from February 22, 2020, to August 22, 2020. Doc. 39 at 2. The policy included liability coverage for property damage. Allstate alleges that on March 16, 2020, McLain intentionally drove his car into various other cars and personal property. Except for McLain, the defendants in this case consist of the owners of those cars and personal property who might have claims against Allstate. A portion of the defendants have already submitted claims to Allstate. Doc. 1 at 7.

Allstate filed the present action in federal district court, seeking the following declaratory judgment: (1) the insurance policy does not cover the damage that McLain caused on March 16, 2020; and, (2) Allstate has no duty to defend or indemnify McLain for any losses, damages, judgments, settlements, or claims stemming from the damage that McLain caused on March 16, 2020. Allstate alleges that the automobile insurance policy contains an exclusion provision for damages that McLain caused via intentional acts. Doc. 1 at 10.

McLain filed an Answer on October 9, 2020, in which he argued that the insurance policy does provide coverage. Doc. 36. Allstate voluntarily dismissed nine defendants, leaving McLain and twenty-three others ("Individual Defendants") as defendants in this case. Doc. 20, 32, 37. Allstate provided McLain and the Individual Defendants with service of process in July and August of 2020. Doc. 34.

## ANALYSIS

The Clerk of the Court correctly entered default, under Rule 55(a), against the Individual Defendants on October 2, 2020. Doc. 35. The Individual Defendants had not responded to Allstate's Complaint for several months. Doc. 34. Whether to enter a default judgment remains a decision entrusted to the discretion of the district court. *Unilin Beheer B.V. v. Tropical Flooring*, 2014 WL 12700909 (C.D. Cal. 2014) (citing *Shanghai Automation Instrument Co. v. Kuei*, 194 F.Supp.2d 995, 1005−06 (N.D. Cal. 2001)); *In re First T.C. & Inv. Inc.*, 253 F.3d 520 (2001).

The Federal Rules of Civil Procedure specify that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more but fewer than all, claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). The Individual Defendants are currently in default. The Court must consider whether there exists "no just reason" to delay granting default judgment against the Individual Defendants while the same claims against McLain remain pending. *Id*.

In *Frow v. De La Vega*, 82 U.S. 552 (1872), the United States Supreme Court determined that a district court should not enter default judgment against one or more defendants when the default judgment is, or is likely to be, inconsistent with judgment on the merits in favor of the answering defendants. The Ninth Circuit

specified that the *Frow Doctrine* applies when the theory of the complaint requires that liability of all the defendants must be uniform. *Unilin Beheer B.V.*, 2014 WL 12700909, at *3 (citing *Shanghai Automation Instrument Co.*, 194 F.Supp.2d at 1005−06); *In re First T.C. & Inv. Inc.*, 253 F.3d at 531−32.

In the context of a declaratory judgment action to discern coverage under an insurance policy, the outcome of the action (*i.e.*, whether or not an insurance policy provides coverage) must be uniform. The risk of arriving at inconsistent outcomes in the present declaratory judgment action constitutes a just reason to delay under Rule 54(b). *Unilin Beheer B.V.*, 2014 WL 12700909, at *3

Entry of default judgment proves unwarranted at this time. *See id*. Allstate remains free to refile its Motion for Default Judgment after the Court resolves the question of coverage on the merits. The risk of inconsistent outcomes will be alleviated at that time.

**IT IS HEREBY ORDERED**:

1. Allstate's Motion for Default Judgment (Doc. 38) is **DENIED** without prejudice.

Dated the 6th day of January, 2020.

_____
Brian Morris, Chief District Judge
United States District Court